UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

LLOYD E. BROWN,

      Petitioner,

v.                                        No.:   3:03-cr-052
                                                                   (3:07-cv-77)
UNITED STATES OF AMERICA,                (VARLAN/SHIRLEY)

      Respondent.

## MEMORANDUM OPINION

This is a petition for writ of *audita querela* pursuant to the All Writs Act, 28 U.S.C. § 1651, filed by petitioner Lloyd E. Brown ("Brown"). The Clerk is **DIRECTED** to serve a copy of the petition and this Memorandum Opinion and accompanying Judgment Order on the United States Attorney. However, for the reasons stated below, the United States Attorney shall not be required to file an answer or other pleading to the petition, and the petition will be **DENIED**.

The Sixth Circuit recently explained the concept of audita querela:

> "The common-law writ of *audita querela* is a remedy granted in favor of one against whom execution has issued or is about to issue on a judgment the enforcement of which would be contrary to justice, either because of matters arising subsequent to its rendition, or because of prior existing defenses that were not available to the judgment debtor in the original action because of the judgment creditor's fraudulent conduct or through circumstances over which the judgment debtor had no control."

*Ejelonu v. INS*, 355 F.3d 539, 544 (6th Cir. 2004) (quoting 7Am.Jur.2d, *Audita Querela* § 1 at 432 (1997)). The Sixth Circuit compared the writ of *audita querela* with the writ of error *coram nobis*.

> We note that writs of *audita querela* and *coram nobis* are similar, but legally distinct. As one court explained:
>
>> It was said that "We see but little distinction between the writ of *coram nobis* and that of *audita querela*." The technical distinction is that *coram nobis* attacks the judgment itself, whereas *audita querela* may be directed against the enforcement, or further enforcement, of a judgment which when rendered was just and unimpeachable.
>
> Put differently, *coram nobis* attacks the judgment itself, whereas *audita querela* attacks the consequences of the judgment.

*Ejelonu v. INS*, 355 F.3d at 544 (quoting *Balsley v. Commonwealth*, 428 S.W.2d 614, 616 (Ky.1967) (internal quotations omitted)). *See also United States v. Torres*, 282 F.3d 1241 (10th Cir. 2002).

> Writs of *audita querela* and *coram nobis* "are similar, but not identical." Usually, a writ of *coram nobis* is used "to attack a judgment that was infirm [at the time it issued], for reasons that later came to light." By contrast, a writ of *audita querela* is used to challenge "a judgment that was correct at the time rendered but which is rendered infirm by matters which arise after its rendition."

*Id*. at 1245 n.6 (quoting *United States v. Reyes*, 945 F.2d 862, 863 n.1 (5th Cir. 1991)). The Sixth Circuit then used the writ of *audita querela* to enjoin a petitioner's deportation because allowing such a deportation "would shock the conscience." *Ejelonu v. INS*, 355 F.3d at 550.

Petitioner Brown pleaded guilty to manufacturing and possessing with intent to manufacture in excess of 100 marijuana plants. By judgment entered January 20, 2005, he was sentenced to a term of imprisonment of 60 months. Brown does not now seek to challenge the validity of his conviction or the imposition of his sentence, but rather claims that his Eighth Amendment right against cruel and unusual punishment is being violated because of his continued confinement. According to Brown, he is not receiving proper medical care in the facility in which he is confined. He asks the court to issue a writ of *audita querela* that would either grant him a medical furlough, transfer him to a camp facility with proper medical resources, or release him to serve the balance of his sentence in home confinement.

The court lacks jurisdiction to consider Brown's requests. His placement for the service of his sentence is a matter wholly within the discretion of the Bureau of Prisons. Brown is not entitled to relief based upon the writ of *audita querela*. *Ejelonu v. INS*, 355 F.3d at 552 ("*Audita querela* is an equitable remedy reserved only for the most extreme cases."). Accordingly, Brown's petition will be **DENIED** and this action **DISMISSED**. The court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE